UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | CRIMINAL ACTION NO. 4:20-cr-00423-1 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TERENCE MURCHISON, Defendant. | § § § | |

## ORDER DENYING
## MOTION TO REVOKE DETENTION ORDER

The motion to revoke the detention order previously entered by the Magistrate Judge is denied. Dkt 28.

1. Background

Prior to the initiation this prosecution, Defendant Terence Murchison was charged by the State of Texas with aggravated robbery with a deadly weapon in the 177th Criminal District Court of Harris County, Texas in May 2019. Dkt 28-6. That charge involves allegation that Murchison and others robbed an armored vehicle in December 2017 as it attempted to replenish an automated teller machine. See Dkt 14 at 3. He was released on bond pending trial for that charge in May 2019. Dkt 28-7.

A grand jury returned the subject indictment on September 15, 2020. Dkt 1. The Government alleges that, in violation of 18 USC § 1951(a), Murchison aided and abetted the crime of interference with commerce by robbery. It also alleges that, in violation of 18 USC § 924(c)(1)(A)(iii), he aided and abetted the crime of brandishing and discharge of a firearm during and in relation to a crime of violence. See Dkt 1.

Minute entry on the docket reflects that Murchison initially appeared before Magistrate Judge Peter Bray on September 18, 2020. Judge Bray then held an arraignment and detention hearing on September 22, 2020. Murchison pleaded not guilty to both

counts. Dkt 26 at 9. The Government moved that Murchison be detained pursuant to 18 USC § 3142(f)(1), arguing that he poses a threat to the community. Dkt 26 at 6.

Following the hearing, Judge Bray ordered Murchison detained pending trial. Dkt 14. Murchison moved to revoke that detention order. Dkt 28.

2. Legal standard

The Bail Reform Act of 1984 provides, "If a person is ordered detained by a magistrate judge, or by a person other than a judge having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 USC § 3145(b).

A district court must review such decision by the magistrate judge *de novo* and independently determine whether to order the defendant detained. See *United States v Reuben*, 974 F2d 580, 586–86 (5th Cir 1992), citing *United States v Fortna*, 769 F2d 243, 249 (5th Cir 1985). This may be based on evidence admitted at the original detention hearing, as well as any additional evidence offered on appeal. For example, see *United States v Galvan*, 2020 WL 4604502, *2 (SD Tex) (citations omitted); *United States v Farguson*, 721 F Supp 128, 129 n 1 (ND Tex 1989).

3. Analysis

The Court has closely reviewed the subject detention order and the motion to revoke it. It has also independently reviewed all evidence, testimony, and argument before Judge Bray at the detention hearing. Dkt 26. The Court finds and determines as follows upon *de novo* review.

a. Existence of rebuttable presumption

Judge Bray found that, under the offenses charged, a rebuttable presumption arose pursuant to 18 USC § 3142(e)(3) that no condition or combination of conditions would reasonably assure Murchison's appearance and the safety of the community. Dkt 14 at 2. This is correct. Specifically, probable cause exists to believe that Murchison committed the crime of carrying and using a firearm during and in relation to a crime of violence. See

18 USC § 3142(e)(3)(B), citing 18 USC § 924(c).

The rebuttable presumption thus pertains to the analysis. It is Murchison's burden, then, to produce evidence rebutting that presumption. *United States v Sims*, 801 F Appx 324, 324–25 (5th Cir 2020, *per curiam*).

> b.  Rebuttal of presumption

Judge Bray found that Murchison presented sufficient evidence to rebut the presumption as to flight risk. But he further found that Murchison failed to present sufficient evidence to rebut the presumption with respect to assurance of community safety. Dkt 14 at 2, 4.

As to the latter consideration on community safety, Murchison argues that he rebutted the presumption because of his good behavior from the time of release on state charges until the time of arrest on federal charges. See Dkt 28 at 16–17. And indeed, the record establishes that Murchison was released on bond from May 2019 to September 2020, during which time he fully complied with all applicable conditions. For example, see Dkt 26 at 61–64, 71–72. This matter is thus similar in that respect to the recent decision of the Court in *United States v Ruiz*, 2021 WL 1427804 (SD Tex), where the presumption was found to be rebutted.

Here, though, Murchison's argument blurs any distinction between his rebuttal of the presumption and ultimate proof once the burden shifts back to the Government—wherein he sponsors the same argument. See Dkt 28 at 17–18. This means that a conclusion as to rebuttal needn't be reached. For as found next, Judge Bray was undoubtedly correct in determining that clear and convincing evidence exists that no condition or set of conditions will assure the safety of the community during the entirety of the time through trial.

> c.  Government proof requiring detention

Judge Bray found by "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Dkt 14 at 2. Specifically, he found that the weight of the evidence against Murchison is strong; he faces a lengthy period of

incarceration if convicted; he has a prior criminal history and history of violence or use of weapons; and has instances of prior attempts to evade law enforcement. Id at 2–3.

His findings at more length were as follows:

> On December 28, 2017, a Brinks armored car was replenishing an ATM. One Brinks employee was outside the armored vehicle servicing the ATM. Another was inside the vehicle serving as the driver. A person with a firearm approached the employee outside the vehicle. In fear for her life, she dropped the bag of money. The robber took the money and ran to a GMC pickup truck. The driver of the armored vehicle rammed the GMC pickup truck with the armored vehicle. Thereafter one of the robbers fired his pistol at the armored vehicle, hitting it. The robbers tried to escape in the buck, but it was immobilized. The robbers ran away and within minutes carjacked another vehicle to escape. The second vehicle was later found burned out.
>
> During a search of the GMC truck, a pistol was found. Later DNA analysis demonstrated a very high likelihood that Murchison's DNA was on the trigger. The analysis determined a very small likelihood that the DNA found on the trigger belonged to anyone other than Murchison.
>
> Police received a "crime-stopper" tip identifying Murchison and two others as the robbers. The tipper was able to describe the robbery as it was reported by the victims to have occurred. The tipper stated that Murchison admitted to committing the robbery.
>
> Police interviewed Murchison based on the crime-stopper tip. He denied involvement in the robbery and told police that he was with a friend at the time of the robbery. Police

interviewed the friend who repeated the story Murchison had told. Police performed a polygraph on the friend, which he failed. The friend admitted that he lied to cover for Murchison and that Murchison had admitted to committing the robbery. Later, the friend contacted FBI agents to report that Murchison had come to his house with a bundle of money, apparently in an effort to get the friend to change his story. A maintenance person at the apartment complex witnessed the interaction between Murchison and the friend, but did not hear what was said.

. . .

Murchison did not present any evidence to show that he is not a danger. He has not rebutted the presumption that there are no conditions that will assure the safety. Murchison must be detained for that reason alone.

The presumption aside, the court finds by clear and convincing evidence that there are no conditions or any combination of conditions that will assure the safety of the community if he is released. Murchison was involved in a violent robbery. He fired a gun at the Brinks driver. He then carjacked an innocent bystander of his vehicle. The court recognizes that this incident occurred nearly three years ago, but that does not mean Murchison is not still capable of similar extremely violent conduct. There is evidence to believe that within just minutes, Murchison committed robbery, aggravated assault with a deadly weapon, carjacking, and arson.

Moreover, upon learning that police were investigating him, he invented a cover story and enlisted the help of a friend to lie to the FBI. He

> then tried to bribe that friend to continue the cover-up. Now that Murchison has been charged federally, with extremely high sentencing consequences, the court concludes that Murchison's efforts to obstruct and interfere with the investigation will escalate.

Id at 3–4.

The Court has independently reviewed the evidence and testimony and finds that the above recitation is factually correct. The Court has also independently assessed the factors prescribed by 18 USC § 3142(g) and further finds as follows.

*As to the nature and circumstances of the offense charged,* this factor weighs heavily in favor of detention. 18 USC § 3142(g)(1). The pertinent alleged crimes and related actions are extremely serious, involving the use of a firearm and several instances of physical violence.

*As to the weight of evidence,* this factor weighs heavily in favor of detention. 18 USC § 3142(g)(2). The Government has credible evidence that Murchison committed these acts, including DNA evidence and witness testimony that Murchison admitted to the crime.

*As to Murchison's history and characteristics,* this factor is neutral or weighs at least somewhat in favor of detention. 18 USC § 3142(g)(3). True, Murchison was on good behavior when on pretrial release on state charges. But Murchison has been convicted of several prior crimes, including another felony involving violent conduct. See Dkt 20 at 4–5.

*As to the nature and seriousness of the danger to any person or the community,* this factor weighs heavily in favor of detention. 18 USC § 3142(g)(4). Again, it is true that Murchison didn't commit any violent acts while released on bond following the state charges. But he attempted to coerce Mays to give false testimony to investigators. And the crimes charged (for which the evidence against Murchison is substantial) involve a violent robbery, the firing of a gun at the Brinks driver, and the carjacking of an innocent bystander.

An accused defendant has a right to pretrial release under the

Bail Reform Act of 1984. But weighed in the balance is the risk to the community's safekeeping—-and the consequences to individuals in the community if that risk is realized. Given the nature of the danger posed to the victims and the community by the underlying conduct, it is clear that the danger posed by any subsequent similar act would be severe. And given the evidence in record, it simply can't be assumed that Murchison's future good behavior is in any way assured.

    4.   Conclusion

The Government has met its burden to show by clear and convincing evidence that no condition or set of conditions of release would guarantee the community's safety.

The motion by Defendant Terence Murchison to revoke the detention order of the Magistrate Judge is DENIED. Dkt 28.

SO ORDERED.

Signed on April 30, 2021, at Houston, Texas.

*signature*

Hon. Charles Eskridge
United States District Judge